CITIZENS' BANK OF LOUISIANA ET AL. *v.* H. BUDDIG.

1. CREDITOR'S BILL. *Under § 1843, Code 1880. Fraudulent Conveyance. Allegation as to insolvency.*

Section 1843, Code of 1880, provides that the Chancery Court "shall have jurisdiction of bills exhibited by creditors who have not obtained judgments at law, or, having judgments, have not had executions returned unsatisfied, to set aside fraudulent conveyances of property, or other devices resorted to for the purpose of hindering, delaying or defrauding creditors; and may subject the property to the satisfaction of the demands of such creditors, as if complainant had a judgment and execution returned 'no property found.'" A bill filed under this statute need not show that the defendant is insolvent, nor that the complainant cannot obtain satisfaction of his demand without resorting to the property sought to be subjected by his bill.

2. SAME. *To defeat fraudulent conveyance. Sufficiency of under § 1843, Code 1880. Case in judgment.*

A creditor's bill, filed under Section 1843, Code of 1880, alleges that complainants were before a certain date and are now creditors of C. & K.; that a certain mortgage executed by C. & K. to one B. was made to hinder, delay and defraud creditors; that a decree of foreclosure of such mortgage was obtained in furtherance of such scheme. And the prayer of the bill is that execution of this decree be suspended until an ascer-

tainment of the true state of accounts between the parties can be had, a discovery of which is sought. *Held,* that such bill is good on demurrer.

3. SAME. *Allegation of debt due. Case in point.*

And in such case an averment in the bill that complainants were before a certain date, and are now, creditors of the defendants, C. & K., is sufficient to show a debt due, objection to such allegation not having been made in the court below, but only raised in argument here.

APPEAL from the Chancery Court of Harrison County.
HON. SYLVANUS EVANS, Chancellor.

In June, 1884, Cowart & King executed a mortgage to H. Buddig on certain land, a saw-mill and appurtenances thereon, and saw logs, to secure an alleged indebtedness of large amount. In March, 1886, a decree of foreclosure was obtained by Buddig, an account was stated by a master in chancery, who reported that the balance due Buddig on his mortgage was $10,099.92, and an order of sale made in default of payment within thirty days. On May 3, 1886, the Citizens' Bank of New Orleans, La., and J. T. Gibbons filed this bill against Buddig and Cowart & King, in which they set out the above facts, and further alleged that, "before June 10, 1884, your complainants were, and are now creditors of J. J. Cowart and C. M. King and J. J. Cowart & Co. respectively;" that a part of said alleged debt so secured by the mortgage executed by Cowart & King in favor of Buddig was an old debt sought thus to be extended, and not contracted on the faith of this security; and that the remainder of the alleged debt so secured "did not represent an actual indebtedness existing at the time of the execution of said conveyance of said Cowart and King to the said Buddig; but that the same was largely, if not altogether, fictitious, simulated and false;" and that the object of such conveyance was "to tie up all the valuable property of grantors and place it beyond the reach of creditors; and it was contrived to hinder, delay and defraud" such creditors; that the decree of foreclosure was but the furtherance of that scheme. The bill prays that the execution of such decree be suspended until a correct accounting between the parties can be had; as to which a discovery is asked.

H. Buddig, one of the defendants, demurred to the bill. The demurrer was sustained, and the bill dismissed. The complainants appealed.

*J. J. Curtis*, for the appellants.

In the discussion of this cause, there is we apprehend only one important question involved, and that is whether a court of chancery in this State has jurisdiction of a bill of complaint exhibited by creditors at large to set aside fraudulent conveyances of property resorted to for the purpose of hindering, delaying and defrauding creditors, irregardless of, and without reference to the fact that the debtor has other property sufficient in whole or in part to satisfy said demands.

.    The position taken by counsel in the court below in support of the general demurrer interposed to our bill of complaint was, as we understood it, that we had not exhausted our remedy at law; "that the right to exert the jurisdiction of chancery attaches on the fact that there is no property that an execution would reach." Such position is of no weight, because since the adoption of the Code of 1880, Sections 1843–5, the requirement or condition precedent so insisted upon to give a court of equity jurisdiction may be regarded as exploded and entirely obviated, to subject either legal or equitable assets to demands of creditors, nor even under the old rule that prevailed before this enactment, as only legal assets are sought to be subjected.

*T. S. Ford* and *Brame & Alexander*, for the appellee.

1.  If any rule is well established, it is that in a bill of this character the particular and specific *facts* constituting the alleged fraud must be distinctly alleged. Here the bill is full of charges that the mortgage was executed in pursuance of a "scheme," and with "intent" to hinder, delay and defraud. But · this is insufficient. Every mortgage is taken in pursuance of a scheme, and unless the grantor has ample property and resources, its effect necessarily must be to hinder and interfere with other creditors of the grantor, if there are any. For this reason, the very facts themselves which exist as a reason for granting relief against a conveyance, or judgment, or decree, must be specifically and distinctly alleged.

2.  It does not appear that the grantors were insolvent at

the time of the execution of the instrument and at the time the bill was filed. *Wedekind* v. *Parsons*, 64 Ind., 290; *Pfeifer* v. *Snyder*, 72 Ind., 78; *Bruker* v. *Kelsey*, 72 Ind., 52. These are authorities for the general proposition, and they also illustrate the strictness of the rule in respect to specific allegations in the pleadings in cases of this character.

3. The bill fails to show the nature or character of the complainant's debts. It does not appear when they were contracted, or that either of them is due. The proceedings were instituted under § 1843 of the Code of 1880. This section, we contend, does not authorize a creditor to proceed under it in the Chancery Court unless his debt is due, and therefore it is necessary to set out the particulars of the indebtedness, at least to the extent of showing that it is due.

CAMPBELL, J., delivered the opinion of the Court.

The averment that complainants were before a certain date and are now creditors of the defendants, C. & K., is sufficient to show a debt due. No objection was made in the court below to the structure of the bill. Its want of definiteness, precision and certainty is called in question by argument here; but that was not made special ground of objection in the chancery court, and cannot avail here.

The bill presents a case good on demurrer. It avers that complainants were and are creditors of C. & K., and that the arrangement between their debtors and Buddig was made to hinder, delay and defraud creditors; and that the decree obtained by Buddig against C. & K. was but a furtherance of that scheme, and the object of the bill is to arrest its consummation by suspending the execution of the decree until an ascertainment of the true state of accounts between the parties, a discovery of which is sought.

It is apparent that the ground on which the chancellor sustained the demurrer is that, to maintain the bill, it should show that C. & K. were insolvent, and that complainants had no other means of obtaining satisfaction of their demands except by resorting to the property sought to be reached by this bill. This view is not maintainable. It is sustained by a number of de-

cisions in Indiana, where the Supreme Court, confounding the distinction between a voluntary conveyance by a husband to his wife, a father to his child, and the like, the validity or invalidity of which is determinable by the circumstances of the donor at the time of the gift, and a conveyance made to hinder, delay and defraud creditors, has held that a creditor attacking a conveyance, as made for the purpose of defrauding, must aver and prove the insolvency of the debtor when the conveyance was made, and continued to the time of instituting the suit; and has displayed remarkable consistency and persistence in this erroneous view, against the sentiment of the bar and inferior courts, as indicated by the multitude of cases in which it has been questioned. We cannot follow such leading. The right of a creditor to attack any fraudulent conveyance or device resorted to for the purpose of hindering, delaying or defrauding creditors is clear. Code, § 1843.

Reversed; demurrer overruled, and cause remanded for answer in thirty days after mandate herein received in the court below.